GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation
DANIEL M. LINCHEY, ESQ., CA Bar #111739
44 Montgomery Street, Suite 850
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Lois I. Brady, Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re:

TAHOE BLUE PROPERTY, INC.,

Debtor.

Case No. 13-46361-WJL

Chapter 7

**TRUSTEE'S MOTION TO SELL REAL PROPERTY AND ABANDON REAL PROPERTY**

Lois I. Brady, Trustee herein ("Trustee") respectfully represents as follows:

1. The Trustee hereby seek authority to sell the estate's interest in certain real property commonly described as 913 Emerald Bay Road, Emerald Bay, California [APN 023-181-19-100] (the "Swiss Mart") together with all interest of the estate in and to all tangible and intangible personal property located upon or associated with such real property. The property is being sold subject to all existing liens on an "as-is where-is" basis. The sale price of the property is $40,000 and the buyer is Ramos Oil Co., Inc. Additionally, Ramos Oil has filed proof of claim no. 5 against the estate in the sum of $607,628.02. Ramos Oil is releasing that proof of claim as part of the sale agreement. Attached hereto as **Exhibit A** is the Ramos offer, which has been accepted by the Trustee.

2. Ramos Oil Co., Inc. asserts a judgment lien against the real property which was

1

recorded outside the trustee's avoidance period. The judgment lien is in the principal amount of $277,689.43 but Ramos claims that the amount of the lien now exceeds $600,000. The Ramos lien may be worth more than the equity in the property. The Swiss Mart has been appraised at $199,000 for the land and improvements. There is no valuation of the gasoline station and mini-mart business located on the property as there do not appear to be any business records of said operation in existence or available to the trustee. The Swiss Mart property is subject to a deed of trust in the principal amount of $2,125,000.

3. In addition hereto, the trustee intends to abandon certain other real property of the estate located at 1140 Emerald Bay Road, Emerald Bay, California [APN 032-141-351]. The trustee believes that the encumbrances against the estate exceed the value of the property. The property has been appraised at $199,000 and has no encumbrances other than the Ramos lien, delinquent taxes and claims of the State of California, discussed below.

4. Both properties are subject to long term leases. The lease for 1140 Emerald Bay Road terminates in October, 2021 and has two five year extensions. The lease for the Swiss Mart terminates in August, 2019 and has two five year extensions. The rents under the leases appear to be below market and the leases include purported transfers of the underground tanks to the lessee. The trustee has served a notices of termination of the two leases for non-payment, but the tenants refuse to vacate.

5. In addition, the two properties are of questionable value in that they are affected by certain litigation. The California State Water Resources Control Board has filed a complaint against debtor shareholders of debtor and the lessees of the parcels in the County of Sacramento Superior Court, Case Number 31-2014-00164107 ("Water Resources Litigation"). In the Water Resources Litigation, the state seeks millions of dollars of damages for alleged ground water contamination, which is a chilling factor on the trustee's ability to sell the property. As reflected in its proof of claim filed with the bankruptcy court, the State of California seeks approximately $14 million dollars in damages. The trustee has objected to the Water Resources Control Board claim.

6. The trustee believes that the sale is in the best interest of the estate. The trustee is unable to sell the Swiss Mart property to any other buyer because of the existence of the Ramos Oil

2

lien. The amount of the sale allows the trustee to pay all undisputed claims of the estate in full. The trustee believes that the abandonment is in the best interest of the estate because the trustee cannot sell the property, because its liens exceed its value.

  WHEREFORE, the trustee requests an order approving the Trustee's Intent To Sell Real Property Asset And Abandon Real Property Asset as described hereinabove, subject to the 21-day objection period contained in the accompanying Notice Of Trustee's Intent To Sell Real Property Asset And Abandon Real Property Asset.

DATED: February 11, 2015

           GOLDBERG, STINNETT, DAVIS & LINCHEY
           A Professional Corporation

          By: /s/ Dennis D. Davis
           Attorneys for Lois I. Brady, Trustee

# DAHL LAW
## ATTORNEYS AT LAW

2304 N Street   Sacramento CA 95816
www.DahlLaw.net

WALTER R. DAHL
ANDREW BRIAN REISINGER

TEL. 916 446-8800
FAX. 916 446-1634

February 2, 2015

*via US Mail and e-mail*

Dennis D. Davis
Goldberg, Stinnett Davis & Linchey
44 Montgomery Street, Suite 850
San Francisco, CA 94104

Re:   Tahoe Blue Property, Inc.; Chapter 7 Case No. 13-46361-WJL

Dear Mr. Davis:

This office is bankruptcy counsel to Ramos Oil Co., Inc., a secured creditor of the above-referenced Debtor. In your capacity as counsel to Lois I. Brady, Chapter 7 Trustee ("Trustee"), we submit the following offer for acquisition of certain property of the bankruptcy estate ("Estate):

**Buyer(s):**  Ramos Oil Co., Inc. or Nominee(s).

**Property To Be Acquired:**

A. All that certain real property commonly described as 913 Emerald Bay Road, Emerald Bay, California [APN 023-181-19-100] together with all interests of the Estate in and to all tangible and intangible personal property located upon or associated with such real property. For identification purposes only, a gasoline station and mini-market doing business as "Swiss Mart" currently occupies such real property.

B. All claims, causes of action, accounts receivable, general intangibles and other tangible or intangible personal property of the Estate, including non-negotiated checks tendered by the current occupant of 913 Emerald Bay Road and the avoiding powers of the Trustee (including but not limited to powers under Bankruptcy Code §§542, 543, 544, 547, 548 & 549), save and except cash and financial institution deposits held by the Trustee and the Estate.

**Condition of Title:** Buyer(s) shall take title subject to all liens and encumbrances recorded

EXHIBIT 4

Dennis D. Davis
February 2, 2015
Page 2

      A. All real property taxes.
      B. The judgment lien of Northern California Collection Service recorded February 9, 2009.
      C. The writ of attachment of Ramos Oil Co., Inc., recorded April 15, 2009.
      D. The judgment liens of Ramos Oil Co., Inc., recorded August 2, 2011.

Buyer(s) shall take title subject to whatever rights may exist pursuant to the lease with Raman Singh as lessee of 913 Emerald Bay Road as disclosed on Schedule G.

Buyer(s) shall take title subject to whatever rights may exist pursuant to any UCC-1 financing statements of record as to Tahoe Blue Property, Inc.

Buyer understands and agrees that its acquisition of tangible and intangible personal property from Trustee and the Estate shall be "as is", "where is", "with all faults", including specifically but without limitation the effect of a Bill of Sale executed by Debtor purporting to transfer to Tahoe Blue, LLC, a California corporation, the tanks and the lines connecting tanks and dispensers located at 913 Emerald Bay Road, Emerald Bay, California.

**Conditions Precedent:** Buyer(s)' obligation to purchase shall be subject to satisfaction (or Buyer(s)' waiver) of the following:

    A. A physical inspection of the real property parcel, including the improvements and the associated personal property located on such parcel, and such environmental site assessments as Buyer deems appropriate. All such inspections shall be at Buyer's sole cost and expense.

    B. Within ten calendar days of acceptance of this offer, Trustee shall provide copies of all Phase I and Phase II environmental site assessment reports in Trustee's possession, as well as all identifying information as to any such reports not in Trustee's possession but as to which Trustee is aware.

    C. An updated title policy as to each of the real property parcels. Ramos Oil Co., Inc. previously obtained a litigation guaranty from First American Title Insurance Company dated as of August 17, 2011, and is in the process of obtaining a date-down of that guaranty.

    D. Entry of an order of the U.S. Bankruptcy Court for the Northern District of California after a noticed hearing approving the sale pursuant to Bankruptcy Code §363(b) by Trustee and the Estate of the property identified in this offer.

Dennis D. Davis
February 2, 2015
Page 3

**Closing:** Closing shall occur at a mutually agreed location, within 10 days following the order approving the sale having become final and non-appealable. At closing, Trustee shall deliver to Buyer(s) a grant deed conveying the real property, and one or more bills of sale transferring the personal property. At closing, Buyer(s) shall deliver to Trustee, via wire transfer, cashier's checks or other immediately available funds, the Purchase Price, less any deposits previously tendered.

**Purchase Price; Deposits:** The purchase price for the assets shall be $40,000.00. Upon acceptance of this offer, Buyer(s) shall tender to Trustee a deposit of $5,000.00. Upon satisfaction of the physical inspection and title conditions precedent, Buyer(s) shall tender to Trustee an additional deposit of $15,000.00.

**Withdrawal of Proof of Claim:** Promptly following Closing, Ramos Oil Co., Inc. shall withdraw its previously filed proof of claim filed against the Estate [Claim No. 5]. Ramos Oil Co., Inc. shall not thereafter file or seek to assert any other pre-petition claim against the Estate.

Sincerely,

DAHL LAW,
ATTORNEYS AT LAW

*/s/ Walter R. Dahl*

Walter R. Dahl

cc: Ramos Oil Co., Inc.
John D. Montague
John G. Bilheimer

L:\M180-01\Tahoe Blue - Ch 7\LT-Davis-15-02-02.wpd